CALIFORNIA & OREGON LAND CO. v. RANKIN et al.

(Circuit Court, D. Oregon. May 6, 1898.)

No. 2,415.

INDIAN TREATY—RIGHTS ACQUIRED.

Where, in a treaty made subsequent to a road grant, Indian lands are ceded to the United States with a reservation of a right to a residence on part of them "until otherwise directed by the president," such reserved right is not a new right founded on the treaty, but the restricted right is a continuous one, and is prior and superior to the road grant. 85 Fed. 94, affirmed on rehearing.

This was a motion for a rehearing in the suit of the California & Oregon Land Company against Charles E. Worden, reported in 85 Fed. 94.

BELLINGER, District Judge. In the petition for a rehearing filed in this case the position heretofore taken by complainant that by the treaty with the Indians the lands in controversy were ceded to the United States, that the right of occupancy now held by the Indians is a new right acquired by the treaty, and that, the treaty being subsequent to the road grant, such right is subject thereto, is restated with great clearness, and the argument in its support is strongly re-enforced. Particular attention is called to the language of the proviso in the treaty by which the residence of the Indians therein provided for is to continue "until otherwise directed by the president," and the contention is made that this language shows that the rights now held by the Indians are not the same rights originally held by them, but are new rights bottomed on the treaty, and therefore subsequent in time to the road grant. My conclusion is that it is not material whether the rights in question are equal in extent with those originally held by the Indians. It may be conceded that these rights are not the same with reference to their extent, but it does not follow that they are new. When there is a cession with a reservation, the right reserved may be a less right than that originally held, but it is not for that fact a new right. There is nothing to shake the conclusion that the right of occupancy enjoyed by the Indians has never as to these lands been surrendered by them. If, having an unlimited right of occupancy in all the lands

of Southeastern Oregon, they ceded that right with a reservation as to a part of a limited occupancy, the restricted right is none the less a continuous one. If, as to the particular tract, they reserved less than what they originally possessed, the character of the right as a reservation is not changed. What is reserved out of a grant is not acquired by the reservation. The treaty could not confer a new right unless it conferred something in addition to what the Indians already possessed. Whatever is within the rights originally held by the Indians has been continuous in them. Equity is not concerned with the form of the proviso in this case. In its purpose and intent it is a reservation, and it is a reservation in its terms. The right of occupancy was not granted to these Indians. It was withheld by them. Furthermore, I am of the opinion that the words, "until otherwise directed by the president," do not have the effect attributed to them by complainant. The treaty provides that congress may hereafter permit the sale of these lands, if the prosperity of the Indians will be thereby advanced. The relation of the Indians to the United States is shown to be that of dependence. They submit to the control and guardianship of the government, and this right of sale can only be upon a consideration moving to the Indians. There can be no sale as of a property right in the United States, and the power of sale and the right of the president to direct a removal of the Indians in pursuance of its policy is manifestly the exercise of a trust power by the United States. These powers are not the exercise of proprietary rights by the United States, but the performance of a duty which it has assumed. The president can only direct the removal of these Indians in their interest. The right provided for as to this is not a limitation of the right of occupancy theretofore enjoyed by them, but a provision to make effective the authority to dispose of that right when the United States, acting in their behalf, determines that it is to their advantage that such interest should be sold. The treaty, by its terms, provides for public improvements of a permanent character upon these lands; for the erection of sawmills, flouring mills, shops, school and hospital buildings, and for maintaining them in repair for a period of 20 years; and it provides for an assignment or allotment of lands among the Indians, as is now proposed, and for the prevention of which this suit is prosecuted. These provisions strengthen the conclusions that the reservation contained in the treaty was of a substantial and permanent right, co-extensive with that theretofore enjoyed by the Indians. The effect of the construction contended for by complainant would be to deprive the Indians of the valuable right reserved to them in the treaty, which constituted the consideration for the cession of lands made by them to the government, and of which the road company is to a large extent a beneficiary. It would enable the road company to enjoy the benefits in a large measure of the cession made by the Indians, and at the same time take from them the benefits which constituted its inducement. It would defeat, in its main scope, the object of the treaty, and would, in its results, be contrary to justice and right. The petition for a rehearing is denied.